IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

GUTIERREZ V. LUNA-FUNES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

EDUARDO E. GUTIERREZ, APPELLEE,

v.

CLAUDIA N. LUNA-FUNES, APPELLANT.

Filed July 24, 2018.    No. A-17-1177.

Appeal from the District Court for Douglas County: TIMOTHY P. BURNS, Judge. Affirmed.

Benjamin Maxell, of Katskee, Suing & Maxell, P.C., L.L.O., for appellant.

Kenneth Jacobs, of Jacobs Alexander Law, and Stephanie Weber Milone, of Milone Law Office, for appellee.

PIRTLE, RIEDMANN, and WELCH, Judges.

RIEDMANN, Judge.

INTRODUCTION

Claudia N. Luna-Funes appeals from the order of the district court for Douglas County which dissolved her marriage to Eduardo E. Gutierrez and determined custody of their minor child. On appeal, Luna-Funes argues that the court erred in denying her request to remove the child to Texas and in awarding custody of the child to Gutierrez once the child reaches school age. Luna-Funes has not presented any assignments of error as required by Neb. Ct. R. App. P. § 2-109(D)(1)(e) (rev. 2014); therefore, we review only for plain error. Finding none, we affirm.

- 1 -

BACKGROUND

Gutierrez and Luna-Funes were married in November 2013. Their minor child was born in 2015, and Gutierrez filed an initial complaint for legal separation on March 31, 2016. He filed an amended complaint for dissolution of the marriage on December 1, 2016. Trial on the issues of custody, removing the child to Texas, and child support was held in October 2017.

The evidence revealed that the parties moved from California to Omaha, Nebraska, in 2014. In March 2016, Luna-Funes, with the help of her now-fiance, moved out of the home she shared with Gutierrez and moved to Texas, taking the minor child with her and without informing Gutierrez that they were leaving. In November 2016, the district court granted Gutierrez temporary sole legal and physical custody, so he picked the child up from Luna-Funes in Texas. In February 2017, Gutierrez agreed to a temporary order so that Luna-Funes had parenting time in Texas for 3 weeks and then he would have the child for 5 weeks in Omaha. At the time of trial, Gutierrez was living with his 18-year-old son and was self-employed as an auto electrician.

Luna-Funes has lived in Texas since moving there in March 2016. She had no plans to move back to Nebraska, even if custody of the minor child was awarded to Gutierrez. She currently lives with her fiance, and they have a child together. He works as a construction subcontractor, and Luna-Funes does not work. Since moving to Texas, Luna-Funes and her fiance have lived in four different residences; the lease on their current apartment was set to expire the month following trial, and they were not planning to renew it. Luna-Funes testified that she fled to Texas because Gutierrez would threaten her and was abusive to her. She admitted, however, that she was convicted of domestic assault against Gutierrez in 2014, although she claimed that Gutierrez punched her and she defended herself by biting him.

After trial, the district court entered a decree dissolving the parties' marriage. The court awarded the parties joint legal and physical custody of the child until August 2020, when the child will begin school. At that point, sole legal and physical custody is awarded to Gutierrez subject to Luna-Funes' parenting time. Luna-Funes appeals.

ASSIGNMENTS OF ERROR

As noted above, Luna-Funes has not presented any assignments of error in her brief on appeal.

ANALYSIS

Parties who wish to secure appellate review of their claims must abide by the rules of the Nebraska Supreme Court. *Wilson v. Wilson*, 23 Neb. App. 63, 867 N.W.2d 651 (2015). Any party who fails to properly identify and present its claim does so at its own peril. *Id*.

Section 2-109(D)(1)(d), (e), and (f) of the Rules for Appellate Practice requires a separate section for assignments of error, designated as such by a heading, and also requires that the section be located after a statement of the case and before a list of controlling propositions of law. *Wilson v. Wilson, supra*. The rule requires that the assignments of error section include a separate and concise statement of each error the party contends was made by the trial court. *Id*. Each assignment of error shall be separately numbered and paragraphed, bearing in mind that consideration of the case will be limited to errors assigned and discussed. *Id*.

Where a party fails to comply with the court rules requiring a separate section setting forth the assignments of error, an appellate court may proceed as though the party failed to file a brief entirely or, alternatively, may examine the proceedings for plain error. *Id*. The decision to proceed on plain error is at the discretion of the appellate court. *Id*. Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *Id*.

Because Luna-Funes failed to properly assign errors in her brief, we review the record for plain error. The premise of Luna-Funes' argument on appeal is that the district court erred in failing to (1) award her sole custody of their minor child and (2) allow the child to reside in Texas with her.

Generally, in parental relocation cases, courts must follow the analysis set forth in *Farnsworth v. Farnsworth*, 257 Neb. 242, 597 N.W.2d 592 (1999). There is a two-step process before a custodial parent is allowed to remove a child from the State of Nebraska. The custodial parent must satisfy the court that there is a legitimate reason for leaving the state and that it is in the minor child's best interests to continue to live with that parent. See *id*.

In *Rommers v. Rommers*, 22 Neb. App. 606, 858 N.W.2d 607 (2014), this court considered whether the removal jurisprudence applied to a situation where the mother removed the child from Nebraska prior to the commencement of dissolution proceedings or a request for removal. There, the trial court dissolved the parties' marriage and found that because there was no prior custody determination, it was not required to engage in a removal analysis, although the court still considered the relevant factors in determining custody based upon the child's best interests. On appeal, we concluded that the trial court should have made a determination of custody first, then conducted a proper *Farnsworth* removal analysis.

Because Luna-Funes had already moved out of state when the instant proceedings began, the district court followed the procedure set forth in *Rommers v. Rommers*, *supra*, first determining that joint legal and physical custody was appropriate until the child reached school age. It then determined that at that time, Gutierrez would have sole legal and physical custody. The court further found that Luna-Funes had no legitimate reason for leaving the state, and even if she had, an application of the *Farnsworth* factors would still result in a denial of removal. We find no plain error in the district court's decision awarding custody of the minor child to Gutierrez.

The best interests of the child require a parenting arrangement and parenting plan which provides for a child's safety, emotional growth, health, stability, and physical care and regular and continuous school attendance and progress for school-age children. Neb. Rev. Stat. § 43-2923(1) (Reissue 2016). Section 43-2923(6) requires a court, in determining custody and parenting arrangements, to consider certain factors relevant to the best interests of the minor child, including:

> (a) The relationship of the minor child to each parent prior to the commencement of the action or any subsequent hearing;
>
> (b) The desires and wishes of the minor child, if of an age of comprehension but regardless of chronological age, when such desires and wishes are based on sound reasoning;
>
> (c) The general health, welfare, and social behavior of the minor child;

(d) Credible evidence of abuse inflicted on any family or household member. For purposes of this subdivision, abuse and family or household member shall have the meanings prescribed in section 42-903; and

(e) Credible evidence of child abuse or neglect or domestic intimate partner abuse.

See also, *Schrag v. Spear*, 290 Neb. 98, 858 N.W.2d 865 (2015). In addition to these statutory "best interests" factors, a court making a child custody determination may consider matters such as the moral fitness of the child's parents, including the parents' sexual conduct; respective environments offered by each parent; the emotional relationship between child and parents; the age, sex, and health of the child and parents; the effect on the child as the result of continuing or disrupting an existing relationship; the attitude and stability of each parent's character; and the parental capacity to provide physical care and satisfy the educational needs of the child. *Id.*

We first note that neither party challenges the award of joint custody, and we therefore address only the award of sole custody to Gutierrez. Upon our review of the record, we find no plain error in the district court's conclusion that awarding sole custody of the child to Gutierrez beginning in August 2020 was in the child's best interests. In reaching this decision, the court found that Gutierrez has demonstrated that he is a good parent by raising his older child and has demonstrated that he is more stable than Luna-Funes. It further observed that Luna-Funes took the child and left the state without notifying Gutierrez, she has moved numerous times since leaving Omaha, and she has given birth to a new child. The court also noted that the evidence as to any domestic abuse was unclear, but it recognized that Luna-Funes was convicted of domestic assault several years ago.

It is not our role as an appellate court under a plain error standard of review to substitute our opinion for an opinion of a district court that is reasonably supported by the record. *Steffy v. Steffy*, 287 Neb. 529, 843 N.W.2d 655 (2014). Furthermore, we cannot conclude from the record that the factual findings of the district court were so unsubstantiated that any purported errors were injurious to the integrity, reputation, or fairness of the judicial process as to justify reversal on appeal under the plain error doctrine. See *id.* Because we affirm placing custody with Gutierrez, we need not engage in the removal analysis.

CONCLUSION

The district court did not plainly err in concluding that the child's best interests are served by placing his custody with Gutierrez once he begins school. The district court's order is therefore affirmed.

AFFIRMED.